# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CYNTHIA JONES,**

        **Plaintiff,**

**-vs-**                              **Case No. 6:09-cv-2149-Orl-28DAB**

**WINTER PARK ELDERLY SERVICES, LLC,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION TO APPROVE SETTLEMENT AND RELEASE AGREEMENT AND DISMISS WITH PREJUDICE PLAINTIFF'S COMPLAINT (Doc. No. 13)**
>
> **FILED:** March 10, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the Complain, Plaintiff was employed by Defendant as a patient care representative, from March 2007 to July 2009, and she typically worked a four-day work week; she was paid $125 per day regardless of the number of hours worked and was never paid at an overtime rate; she alleged she was owed overtime. Doc. No. 1. The case settled before Plaintiff was required to file responses to the Court's Interrogatories as to the amount of overtime she alleged. Counsel for the parties represent that settlement to Plaintiff of $5,000 in unpaid wages and liquidated damages represents the **full amount** Plaintiff is owed. Doc. No. 13.

The parties have agreed that Defendant will pay Plaintiff's attorneys $3,000 in attorney's fees and costs, but have not provided an itemization of hours or services. Because the Plaintiff has received the full amount sought for wages and liquidated damages and there was no compromise of the claim, the Court does not review the amount attorney's fees and costs.

Based on the representations of counsel, settlement in the amount of $5,000 to Plaintiff for unpaid wages and liquidated damages, and $3,000 for attorney's fees is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 12, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy